UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WALTON, et al.,<br>Plaintiffs,<br>v.<br>PG ACQUISITION II LLC, et al.,<br>Defendants. | Case No. 26-cv-09265-AGT<br>**ORDER ON MOTION TO REMAND**<br>Re: Dkt. No. 5 |

Plaintiffs Michael and Solina Walton have timely moved to remand this action to state court. Dkt. 5; *see also* 28 U.S.C. § 1447(c). They also request an award of the attorney fees they've incurred due to removal. The Court remands the case.[1]

Plaintiffs filed this action in Marin County Superior Court on June 22, 2026. Dkt. 1 at ¶ 1. Defendants removed the action on August 31, 2026, asserting diversity jurisdiction as their basis for removal. *Id.* at ¶ 3; *see also* 28 U.S.C. § 1332. However, it's uncontested that one defendant, Perfect Timing Personnel Services, Inc. (Perfect Timing) shares California citizenship with Plaintiffs. Dkt. 1 at ¶¶ 4-5. Therefore, the complete diversity requirement isn't met. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

The Ninth Circuit strictly construes the removal statute, 28 U.S.C. § 1441, against federal removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

[1] Both sides have consented to magistrate judge jurisdiction. Dkts. 6, 7, & 12.

Defendants bear the burden of establishing that jurisdiction. *Id.* Here, they argue that federal jurisdiction is justified because two exceptions to the complete diversity requirement apply to Perfect Timing, namely: (i) that it was fraudulently joined, and (ii) that it's only a nominal defendant. *Id.* at ¶ 5; dkt. 9 at 3-7. Both arguments fail to show that Perfect Timing's California citizenship can be disregarded.

Defendants raised fraudulent joinder in their Notice of Removal. There, they argued that Perfect Timing's citizenship should be disregarded "on the ground that there is no possibility that Plaintiff will be able to establish liability against this party." Dkt. 1 at ¶ 5.

Courts analyzing complete diversity can ignore the citizenship of a party who has been fraudulently joined. *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). One way to establish fraudulent joinder is to show "inability of the Plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). But to do so, a defendant must carry a "heavy burden[,] since there is a general presumption against finding fraudulent joinder." *Id.* (citation modified). The possibility that a state court would find the pleadings state a cause of action against the joined party is enough to return a case to state court. *Id.*

Defendants don't meet this standard. They argue that the contractual claims brought against Perfect Timing stem from a contract between Perfect Timing and a trust, and that under California law a trust is not a legal entity that can enter into contracts or sue and be sued. Dkt. 1 at ¶ 5. But as Plaintiffs explain, trustees may properly transact business and litigate on behalf of a trust's property. *Moeller v. Superior Ct.*, 16 Cal. 4th 1124, 1132 n.3 (1997). And here, the Plaintiffs are the trustees of the trust in question. Dkt. 1-1 at 3. This is enough to create more than a possibility that a state court could find a viable cause of action

against Perfect Timing. *GranCare*, 889 F.3d at 548. Defendants' opposition to the motion to remand doesn't substantially address this exception. Dkt. 9 at 2-3. Thus, the Court concludes that fraudulent joinder doesn't support removal here.

Defendants' opposition instead pivots to the nominal parties exception. *Id.* at 3-7. As with fraudulently joined parties, courts "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). Nominal parties include banks or trustees that have only custodial claims to disputed property, or those who are in possession of funds to which they have no rightful claim. *S.E.C. v. Ross*, 504 F.3d 1130, 1141 (9th Cir. 2007). At bottom, nominal parties have "no interest in the action and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant." *Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (citation modified).

Defendants' removal also fails under this test. They assert that Perfect Timing is a secondary actor in the case, and that the allegations against it are not "substantial." Dkt. 9 at 6. But that isn't the test for determining whether a party is nominal. *See PPR Realty*, 204 F.3d at 873. Instead, as Plaintiffs note, the nominal parties exception turns not on the degree to which a party appears in a complaint, but on whether they're a real party to the controversy. Dkt. 10 at 7; *Navarro Sav.*, 446 U.S. at 461. Plaintiffs' complaint brings claims against Perfect Timing for breach of contract and declaratory relief. Dkt. 10 at 8; dkt. 1-1 at 12-13. Plaintiffs also seek damages against Perfect Timing. Dkt. 1-1 at 16. The pleadings don't come close to establishing that Perfect Timing has no interest in the action. Accordingly, the nominal parties exception also fails to establish that removal is proper here.

Finally, Plaintiffs request a fees award under 28 U.S.C. § 1447(c). Dkt. 5 at 16. Costs and expenses are appropriate where the removing parties lack "an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court concludes that the weaknesses of Defendants' two theories of removal, as well as their prompt abandonment of their first basis for removing this case, sufficiently demonstrate that Defendants lacked an objectively reasonable basis for removing this case.

Plaintiffs' counsel, J. Timothy Nardell, attests that his rate is $650 an hour. Dkt. 5-1 at ¶ 8. He also attests that he's spent 19.3 hours on this matter – 11.7 drafting the initial motion and 7.6 preparing a reply. *Id.* at ¶ 9; dkt. 10-1 at ¶ 1. The Court finds Nardell's requested rate is reasonable, given his experience and prevailing rates in the local community. However, the number of hours requested is excessive. The issues raised in this motion weren't particularly complicated, and thus "should not have taken an undue amount of time to address." *Samra v. Am. Nat'l. Prop. & Cas. Co.*, No. 25-cv-09689-EMC, 2025 WL 3774987, at *3 (N.D. Cal. Dec. 31, 2025). Nor does Nardell's generalized statement as to his hours worked show that these hours were reasonable, as he "provides no documentation of the time spent on particular tasks." *Yan v. Vdovicenco*, No. 25-cv-09993-LJC, 2026 WL 89323, at *4 (N.D. Cal. Jan. 12, 2026). Lastly, courts in this district have found fewer hours worked to be excessive in similar contexts. *See Samra*, 2025 WL 3774987 at *3 (reducing 11 hours to 5); *Yan*, 2026 WL 89323 at *4 (reducing 11.7 hours to 4). The Court finds it would be reasonable to spend six hours on this matter. *See Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 447 (9th Cir. 1992) (courts have "wide discretion" on Section 1447(c) fees). This amounts to a fee award of $3,900.

The Court grants Plaintiffs' motion for remand, and grants Plaintiffs' request for fees in part. The case is remanded to Marin County Superior Court.

**IT IS SO ORDERED.**

Dated: November 2, 2026

Alex G. Tse
United States Magistrate Judge